# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAMELA S. WATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case number 4:05cv0905 TCM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405 (g) for judicial review of the final decision of Jo Anne B. Barnhart, the Commissioner of Social Security ("Commissioner"), denying Pamela S. Watt's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433. Ms. Watt ("Plaintiff") has filed a brief in support of her complaint. The Commissioner has moved to reverse and remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff concurs in this request.[1]

Plaintiff applied for DIB in September 2003, alleging a disability onset date of May 2002 caused by panic attacks, anxiety, and peripheral neuropathy. Her application was denied initially and after an administrative hearing before Administrative Law Judge ("ALJ") Leo L. McCormick. The ALJ determined that, although Plaintiff had a severe impairment,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

peripheral neuropathy, she could return to her past relevant work as a tax preparer or hostess and was not disabled within the meaning of the Act. An ability to work

Plaintiff disagrees. She argues in her brief in support of her complaint that the ALJ's decision is not supported by substantial evidence on the record as a whole. Specifically, (1) the ALJ improperly relied on testimony by the vocational expert because that testimony is not included in the transcript; (2) the ALJ erred by finding that her recent course of treatment did not support her subjective complaints of pain because both her treating physician, Armela Agasino, M.D., and her neurologist, David Peeples, M.D., made findings and reached conclusions consistent with those complaints; and (3) the ALJ erred by not properly assessing her subjective complaints.

The Commissioner requests in her motion that the case be reversed and remanded to permit the Appeals Council to direct an ALJ to (a) conduct a proper evaluation of Plaintiff's credibility; (b) discuss Dr. Agasino's medical records and explain the weight assigned to these records; (c) contact Dr. Peeples to clarify his opinion; (d) discuss Plaintiff's residual functional capacity and, if necessary, obtain testimony by a vocational expert.

This Court may order a remand to the Commissioner of a case seeking judicial review of the Commissioner's decision pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming,

---

[2]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.

modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (alteration added). "Sentence six,[3] in contrast, authorizes a remand in only two limited situations," **id.**, neither of which is applicable to the instant case.[4]

A remand sought by the Commissioner after she files her answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Finch v. Apfel**, 993 F. Supp. 712, 714 (E.D. Mo. 1998) (Commissioner's motion to remand filed after plaintiff moved for summary judgment would be granted pursuant to sentence four, a sentence six remand being "obviously inappropriate."). As noted by the Commissioner in her unopposed motion, such a remand in the instant case would expedite review of Plaintiff's applications, not delay it.

Accordingly,

---

§ 405(g).

[3]Sentence six provides, in relevant part: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

[4]One situation is where the Commissioner requests the remand before filing her answer and the second is where there is new and material evidence and good cause for not presenting such evidence during the administrative proceedings. **Buckner**, 213 F.3d at 1010.

- 3 -

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand is **GRANTED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings as set forth above. [Doc. 16]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of December, 2005.